IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KASSIEM MILEY 09321-029,

                    Petitioner,                    ORDER

    v.

                                                    09-cv-5-slc

MS. HOLINKA, FCI Oxford FBOP,

                    Respondent.

---

        Petitioner Kassiem Miley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requests leave to proceed *in forma pauperis*. He supports his request for leave to proceed *in forma pauperis* with an affidavit of indigency and a copy of his trust fund account statement for the six-month period immediately preceding the filing of his petition.

        In determining whether a petitioner is indigent for the purpose of filing a § 2241 petition, this court calculates the average monthly deposits and the average monthly balances in the petitioner's prison account for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, then the petitioner is not eligible for indigent status and must prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, the petitioner must prepay whatever portion of $5 the 20% calculation works out to be.

        Petitioner's trust fund account statement reveals that he has deposits totaling $2.88 to his prison account over the last six-month period. This means that petitioner's average monthly deposits over the same period is $.48, and that twenty percent of that average is $.10. Computation of 20% of the average monthly balance results in an amount less than $.10.

Therefore, I find that petitioner may proceed *in forma pauperis* in this action on the condition that he pay $.10 of the $5 filing fee. Petitioner should show a copy of this order to prison officials in order to insure that they are aware they should send petitioner's partial payment to this court.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed *in forma pauperis* in this case is GRANTED, on the condition that petitioner submit a check or money order made payable to the clerk of court in the amount of $.10 on or before January 28, 2009. If, by January 28, 2009, petitioner fails to pay the partial fee he has been ordered to submit, then the clerk of court is directed to close this file for petitioner's failure to prosecute. As soon as petitioner submits the required amount, the court will take under advisement his petition for a writ of habeas corpus for a determination whether it is appropriate to issue an order directing respondent to show cause why petitioner's petition should not be granted.

Entered this 7th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge